# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. SMITH, | 1:11-cv-00660-OWW-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION AS DUPLICATIVE OF OTHER LITIGATION |
| v. | (Doc. 1) |
| COALINGA STATE HOSPITAL, | |
| Defendant. | |

Mark A. Smith ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 18, 2011. (Doc. 1). The Court finds that this action is proceeding on duplicative claims and duplicative defendant brought in another case, *Smith v. Coalinga State Hospital*, 1:10-cv-01676-AWI -SMS. According to the Ninth Circuit:

> To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."

*Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992)). In applying the transaction test, we examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Costantini*

*v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982)). 'The last of these criteria is the most important.' *Id.* at 689.

In *Coalinga State Hospital*, 1:10-cv-01676, Plaintiff's claim is based on being "involuntarily confined in a state facility where smoking is banned. Despite this restriction, people continue to smoke in public places . . . [and the] second-hand smoke endangers [his] health and well-being." *Coalinga State Hospital*, 1:10-cv-01676 (Doc. 1). This action is verbatim of the above mentioned action. *Compare Smith v. Coalinga State Hospital*, 1:10-cv-01676-AWI-SMS (Doc. 1) *with Smith v. Coalinga State Hospital*, 1:11-cv-00660-OWW-GBC (Doc. 1). In this action, Plaintiff alleges that he is "involuntarily confined in a state facility where smoking is banned. Despite this restriction, people continue to smoke in public places . . . [and the] second-hand smoke endangers [his] health and well-being." *Coalinga State Hospital*, 1:11-cv-00660 (Doc. 1).

The Court finds that the claim and the defendant in this case are exactly the same as in *Smith v. Coalinga State Hospital*, 1:10-cv-01676-AWI-SMS. Therefore, this action is DISMISSED as DUPLICATIVE.

IT IS SO ORDERED.

**Dated:    May 6, 2011**                              /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE